<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PASCALY MEDARD,<br><br>  *Petitioner*,<br><br> v.<br><br> JOHN TSOUKARIS, *et al.*<br><br>  *Respondents*. | Civil Action No. 25-cv-15279<br><br>**OPINION AND ORDER**<br><br>March 17, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Pascaly Medard ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the legality of his immigration detention (ECF No. 1); Respondents' Answer (ECF No. 4); Petitioner's Amended Petition (ECF No. 5); the Court's December 31, 2025 Text Order directing that Petitioner be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) (ECF No. 6); Petitioner's Reply (ECF No. 7); and Respondents' January 9, 2026 Status Report regarding the bond hearing (ECF No. 8).

**WHEREAS**, Petitioner, a native and citizen of Haiti, entered the United States in October 2023 and, on September 27, 2024 after making an appointment with the Customs and Border Protection Mobil Application, was granted parole pursuant to INA § 212(d)(5), § 8 U.S.C. 1182(d)(5), valid through September 26, 2026 (ECF No. 1 ¶¶ 1–14, ECF No. 7 at 2); and

**WHEREAS,** on June 20, 2025, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal with the Immigration Court in New York; and on June 24, 2025, an Immigration Judge ("IJ") scheduled a merits hearing for April 19, 2027 (*Id.* ¶¶ 16—18); and

**WHEREAS**, immediately following that June 24, 2025, court appearance, Petitioner was detained by the Department of Homeland Security ("DHS") and transferred to Delaney Hall in Newark, New Jersey (*Id.* ¶¶ 18—22); and

**WHEREAS**, on September 4, 2025, Petitioner filed the instant § 2241 petition; and

**WHEREAS**, Respondents initially defended detention under § 1225; and

**WHEREAS**, by Order dated December 31, 2025, this Court determined that Petitioner's detention is governed by 8 USC § 1226(a), not § 1225, consistent with decisions within this District addressing materially similar circumstances, and ordered a bond hearing and therefore ordered that Respondents provide Petitioner with a bond hearing pursuant to § 1226(a) (ECF No. 6); and

**WHEREAS**, on January 7, 2026, the Immigration Court conducted a bond hearing for Petitioner, and the IJ denied Petitioner's request for release (ECF No. 8); and

**WHEREAS**, because that bond hearing has now occurred, the statutory misclassification issue has been remedied, and the remaining question before this Court is whether continued detention comports with constitutional due process; and

**WHEREAS**, under 28 U.S.C. § 2241, federal district courts retain jurisdiction to review the legality of executive detention, including immigration custody. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003); and although 8 USC § 1226(e) bars review of the IJ's discretionary determinations concerning the flight risk and dangerousness, it does not preclude constitutional challenges to the fact or duration of detention, *see Diop v. ICE/ Homeland Security*, 656 F.3d 226–27 (3d Cir. 2011); and

**WHEREAS**, civil immigration detention is regulatory, not punitive, and must remain tethered to its legitimate purposes of ensuring appearance at proceedings and protecting the community, *See Demore*, 538 U.S. at 557; and

2

**WHEREAS**, the Court of Appeals for the Third Circuit has instructed that civil immigration detention is subject to constitutional limits and may become impermissibly prolonged, requiring courts to consider the length of detention, the likely duration of future detention, the reasons for delay, and whether detention meaningfully advances its regulatory purposed, *see German-Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211–16 (3d Cir. 2020), building upon *Diop*; and

**WHEREAS**, the record reflects multiple transfers of Petitioner him between detention facilities and immigration courts attributable to the Government, contributing to the overall duration of custody (ECF No. 1 at 6–7); and

**WHEREAS**, this Court does not revisit the IJ's discretionary bond determination and expresses no view as to that ruling; however, due process requires that civil detention remain reasonably related to its regulatory purpose and not become excessive in relation to that purpose; and

**WHEREAS**, in light of the present length of detention, the projected continuation of proceedings, and the absence of evidence that removal is reasonably foreseeable in the near term; and

**WHEREAS,** the constitutional principles articulated in *Zadvydas* underscore that executive detention may not continue where it ceases to meaningfully advance removal; and

**WHEREAS,** considering the totality of the circumstances, the Court concludes that on the present record, the Government has not made the individualized evidentiary showing necessary to justify continued civil detention under the Due Process Clause.

**IT IS**, on this 17 day of March 2026,

3

**ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** in part to the extent it challenges the constitutionality of Petitioner's continued detention; and it is further,

**ORDERED** that within seven (7) days of this Order, Respondents shall either make an individualized evidentiary showing, supported by the record, demonstrating that Petitioner's continued detention is necessary to serve the Government's regulatory interests, or release Petitioner under reasonable conditions of supervision consistent with applicable statutes and regulations; and it is further

**ORDERED** that within three (3) days of effectuating Petitioner's release or filing the evidentiary showing, Respondents shall inform the Court in writing of compliance with this **ORDER**; and it is further

**ORDERED** that failure to comply with this Order in a timely manner shall result in immediate release of Petitioner under reasonable conditions consistent with law.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**