<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PASCALY MEDARD, <br><br> *Petitioner*, <br><br> v. <br><br> JOHN TSOUKARIS, *et al.* <br><br> *Respondents*. | Civil Action No. 25-cv-15279 <br><br> **OPINION AND ORDER** <br><br> June 30, 2026 |

**SEMPER, District Judge**

**THIS MATTER** comes before the Court upon Respondents' submission in response to this Court's March 17, 2026 Opinion and Order directing Respondents to "either make an individualized evidentiary showing, supported by the record, demonstrating that Petitioner's continued detention is necessary to serve the Government's regulatory interests, or release Petitioner under reasonable conditions of supervision" (ECF No. 10); and

**WHEREAS**, the Court has reviewed Respondents' response (ECF No. 11), the underlying record, and the parties' prior submissions; and

**WHEREAS**, federal courts retain jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention and to ensure that such detention comports with constitutional limitations, *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); and

**WHEREAS**, civil immigration detention is regulatory rather than punitive and must remain reasonably related to its legitimate purposes—namely, ensuring a noncitizen's appearance

at removal proceedings and protecting the community, *see Demore*, 538 U.S. at 557 (describing detention as constitutionally permissible where reasonably related to these purposes); and

**WHEREAS**, the Court of Appeals for the Third Circuit has held that immigration detention may become constitutionally problematic when it is unreasonably prolonged, requiring courts to consider factors such as the length of detention, the likely duration of future proceedings, the reasons for delay, and whether detention continues to meaningfully serve its regulatory purposes, *see Diop v. ICE/Homeland Security*, 656 F.3d 221, 232–34 (3d Cir. 2011) (holding that detention under § 1226(c) is implicitly limited by reasonableness and becomes unconstitutional when unreasonably prolonged), and *German-Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211–16 (3d Cir. 2020) (clarifying the fact-dependent inquiry governing whether detention has become unreasonable); and

**WHEREAS**, Respondents contend that no such prolonged-detention analysis applies in the context of detention under 8 U.S.C. § 1226(a) following a bond hearing, relying on *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279–80 (3d Cir. 2018) (holding that the *Diop* reasonableness framework does not automatically apply to § 1226(a) detention where a bond hearing has been provided, while leaving open the possibility of constitutional challenges based on prolonged detention); and

**WHEREAS**, Respondents' reliance on *Borbot* is misplaced to the extent it suggests that the occurrence of a bond hearing categorically forecloses further constitutional review, as *Borbot* expressly reserved the question of when due process may require additional relief based on the duration or circumstances of detention (*Id*. at 280); and

**WHEREAS**, this Court's March 17, 2026 Order did not require Respondents to restate the existence of a prior bond determination, but rather to provide an individualized evidentiary

2

showing, supported by the record, demonstrating that Petitioner's continued detention is presently necessary to serve the Government's regulatory interests (ECF No. 10); and

**WHEREAS**, Respondents have not identified specific record evidence demonstrating that Petitioner currently poses a risk of flight or a danger to the community, instead relying on the Immigration Judge's prior bond determination and generalized assertions regarding enforcement interests (ECF No. 11); and

**WHEREAS**, Respondents further rely on the existence of a non-final order of removal and the pendency of Petitioner's appeal before the Board of Immigration Appeals ("BIA") to justify continued detention (ECF No. 11 at 2); however, such generalized assertions, without evidence that removal is reasonably foreseeable or that detention meaningfully advances that objective, are insufficient to satisfy due process; and

**WHEREAS**, the record reflects that Petitioner has been detained since June 24, 2025 (ECF No. 1 ¶¶ 18–22), and that proceedings remain ongoing with no definitive timeline for completion, while Respondents have not meaningfully addressed the anticipated duration of further detention or provided evidence demonstrating that removal is likely in the reasonably foreseeable future; and

**WHEREAS**, the Court does not revisit the Immigration Judge's discretionary bond determination, which is insulated from review pursuant to 8 U.S.C. § 1226(e), but instead evaluates whether continued detention comports with constitutional due process in light of present circumstances, *see Diop*, 656 F.3d at 226–27 (distinguishing between unreviewable discretionary determinations and reviewable constitutional challenges to detention); and

**WHEREAS**, considering the totality of the circumstances—including the length of detention, the indeterminate duration of future proceedings, and Respondents' failure to provide a

3

particularized evidentiary justification for continued confinement—the Court concludes that Respondents have not satisfied the burden imposed by this Court's prior Order and have failed to demonstrate that Petitioner's continued detention remains reasonably related to its regulatory purposes;

**IT IS**, on this 30th day of June 2026,

**ORDERED** that Respondents have failed to comply with this Court's March 17, 2026 Order (ECF No. 10) by not providing the required individualized evidentiary showing; and it is further

**ORDERED** that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from custody within twenty-four (24) hours of the entry of this Order under reasonable conditions of supervision pursuant to applicable statutes and regulations; and it is further

**ORDERED** that Respondents shall file a notice on the docket within one (1) day of Petitioner's release confirming compliance with this Order; and it is further

**ORDERED** that all remaining requests for relief are **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** this case.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**